UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL T. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-1079-MHH-GMB |
| KEVIN TURNER, Madison County Jail Sheriff, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On September 15, 2020, the Magistrate Judge entered a report recommending this § 1983 prisoner civil rights action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a) based on the plaintiff's notice of voluntary dismissal. (Docs. 5, 6). On September 23, 2020, the plaintiff filed an objection. (Doc. 7). In his objection, Mr. Williams states: "I understand that I "voluntarily dismiss the case but my [habeas corpus] should be granted" for several reasons. (Doc. 7) (brackets in Doc. 7). In his civil rights complaint in this action, Mr. Williams complains about prison conditions, (Doc. 1, pp. 4-5), and for relief, he asks "to be released so [he] can be with his family please!!!" (Doc. 1, p. 5). In his habeas petition in Case No. 5:20-cv-01291-MHH-GMB (N.D. Ala.), Mr. Williams contends that "the last 4 of [his] social security number is fraudulent," and "the plaintiff in court was not a person." Case No. 5:20-cv-01291-MHH-GMB (Doc. 1, p. 5). Mr.

Williams also contends that he was "sentenced without being present in court." Case No. 5:20-cv-01291-MHH-GMB (Doc. 1, p. 7). The magistrate judge has recommended that the Court dismiss Mr. Williams's habeas petition without prejudice for failure to prosecute because Mr. Williams has not complied with a court order to pay the applicable $5.00 filing fee. Case No. 5:20-cv-01291-MHH-GMB (Doc. 4).

On or before March 23, 2020, Mr. Williams shall file a notice in this §1983 case and in his habeas case stating whether he wishes to pursue either case. If Mr. Williams wants to pursue his habeas action, he must include the $5.00 filing fee with his notice. If Mr. Williams does not file a notice or if he files a notice but does not pay the $5.00 filing fee, the Court will dismiss his habeas action, Case No. 5:20-cv-01291-MHH-GMB, without prejudice for failure to prosecute.

If Mr. Williams wishes to pursue this §1983 prisoner civil rights action, then Mr. Williams must file with his notice a new verified application accompanied by a certified copy of his jail and/or prison account statements for six months preceding the filing of his complaint. The Magistrate Judge notified Mr. Williams on August 11, 2020, that his application to proceed *in forma pauperis* was deficient and that he must file a new verified application accompanied by a certified copy of his jail and/or prison account statements for six months preceding the filing of his complaint, (Doc. 4), but Mr. Williams has not complied with that order. The Magistrate Judge also

2

explained to Mr. Williams that his request for release from confinement is not appropriate in a § 1983 action; that relief is available only in a habeas action. (Doc. 4).[1] If Mr. Williams wants to pursue his § 1983 action, he must include an amended complaint and a new verified application to proceed *in forma pauperis* with his notice. If Mr. Williams does not file a notice in this case or if he does not include an amended complaint and a new verified application to proceed *in forma pauperis* with his notice, the Court will dismiss this §1983 action without prejudice for failure to prosecute.

The Court asks the Clerk of Court to please enter this order in this case and in Case No. 5:20-cv-01291-MHH-GMB (N.D. Ala.). The Court directs the Clerk to please term Docs. 2 and 6 in this case and Doc. 4 in Case No. 5:20-cv-01291-MHH-GMB (N.D. Ala.).

**DONE** and **ORDERED** this March 2, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the Magistrate Judge's August 11, 2020 order, the Clerk of Court mailed Mr. Williams a new § 1983 complaint form and application to proceed *in forma pauperis*.